**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SHERYL  D. TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-2929 |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Counsel for the plaintiff, Sheryl Taylor, has requested a clarification of the minute entry for the November 19, 2012 motion hearing, (Docket Entry No. 10), and the status of Taylor's claim under the Texas Deceptive Trade Practice Act (DTPA), TEX. BUS. & COM. CODE § 17.50.

To state a claim under the DTPA, a plaintiff must show three things: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing TEX. BUS. & COM. CODE § 17.50(a)(1)).  Taylor's DTPA claim relies on a tie-in provision that makes a violation of the Texas Debt Collection Practices Act (TDCA) a deceptive act under the DTPA.  TEX. FIN. CODE § 392.404(a).  The Fifth Circuit has held that plaintiffs using tie-in provisions must also show that they qualify as "consumers" under the DTPA.  *See Cushman v. GC Services, L.P.*, 397 F. App'x 24, 28 (5th Cir. 2010) (citing *Marketic v. U.S. Bank Nat'l Assoc.*, 436 F. Supp. 2d 842, 854–55 (N.D. Tex. 2006) ("§ 17.50(h) does not exempt claimants from showing that they qualify as a 'consumer' . . . ."); *Eads v. Wolpoff & Abramson, LLP*, 538 F. Supp. 2d 981, 989 (W.D. Tex. 2008) (holding that a DTPA

claimant using the TDCA tie-in statute must prove consumer status in order to have standing); *see also Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349 (Tex. 1987) ("DTPA plaintiffs must qualify as consumers . . . to maintain a private cause of action under section 17.50 of the DTPA.").

To qualify as a consumer, a person "must seek or acquire goods or services by lease or purchase" and "the goods or services sought or acquired must form the basis of [that person's] complaint." *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth 2007, pet. denied). "If either requirement is lacking, the party must look to the common law or some other statutory provision for redress." *Id.* Borrowing a home mortgage loan does not ordinarily qualify as a "good" or "service" under the DTPA. *Compare Fix*, 242 S.W.3d at 160 (refinancing home equity loan is not a good or service under the DTPA), *and Marketic v. U.S. Bank Nat. Ass'n*, 436 F. Supp. 2d 842, 855 (N.D. Tex. 2006) (home equity loan is not a good or service under the DTPA), *with Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 707 (Tex. 1983) (holding that plaintiffs were consumers because their mortgage loan was intertwined with a contractor's agreement to build a house). Taylor's DTPA claim is dismissed with leave to replead only if she can — consistent with Rule 11 — allege facts that could support an inference that she is a consumer under the DTPA.

SIGNED on November 20, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

2